IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RICHARD SOUTHALL,<br><br>　　　　　　　Plaintiff,<br>v.<br><br>FORCE PARTNERS LLC,<br><br>　　　　　　　Defendant. | Case No.  20-cv-03223<br><br>Honorable Judge Edmond E. Chang<br><br>Magistrate Judge Jeffrey T. Gilbert |

### **DEFENDANT'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)**

NOW COMES Defendant, Force Partners, LLC ("Force"), by and through its attorneys, SmithAmundsen, LLC, and moves this Court pursuant to Federal Rules of Civil Procedure 12(b)(6), to dismiss Plaintiff's, Richard Southall ("Southall"), Complaint. In support thereof, Force states as follows:

**I.　INTRODUCTION**

On June 11, 2020, Southall commenced this lawsuit against Force alleging two causes of action: (1) copyright infringement and (2) removal and alteration of integrity of copyright management information in violation of 17 U.S.C § 1202(a)(1) and (b)(1). (Docket Number 1). The alleged wrongdoing relates to a photograph depicting the inside of a bar and restaurant (the "Copyrighted Photograph"). (*See* Complaint Exhibit 1). As alleged in the Complaint, Southall published the Copyrighted Photograph on a website on July 29, 2013. (Dkt. 1, ¶ 8). Southall claims he discovered the Copyrighted Photograph was published on Force's website on or about November 1, 2017. (*Id.*, ¶ 10). On May 27, 2019, Southall received a copyright registration for "Photograph" under Registration Number VA 2-154-695. (Dkt. 1, ¶ 9; Complaint Ex. 3). In his Complaint, Southall seeks, *inter alia*, statutory damages and attorneys' fees attributable to the

copyright infringement pursuant to 17 U.S.C. §§ 504, 505. (*Id.*, ¶ 19).

## II. CONTROLLING AUTHORITY

It is well-settled that a motion to dismiss under Rule 12(b)(6) is meant to test the sufficiency of the complaint, not to decide the merits of the case. *Facebook, Inc. v. Teachbook.com LLC*, 819 F. Supp. 2d 764, 774 (N.D. Ill. 2011). Under Fed. R. Civ. P. 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief" in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-678 (2009). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* Dismissal is proper where it appears beyond a doubt that the plaintiff can prove no set of facts in support of its claim that would entitle it to relief. *Kohler Co. v. Kohler Int'l, Ltd.*, 196 F. Supp. 2d 690, 694 (N.D. Ill. 2002).

## III. ANALYSIS

Southall's Complaint should be dismissed because (1) Southall fails to plead sufficient factual support showing the Copyrighted Photograph is protected under the copyright registration; (2) 17 U.S.C. § 412 bars Southall's recovery of statutory damages and attorneys' fees for claims of copyright infringement; and (3) Southall fails to allege any factual support for his Digital Millennium Copyright Act ("DMCA") claims. The Complaint falls far below the notice pleading standard.

### A. Southall's Count I for Copyright Infringement Should be Dismissed.

*1.  Southall Has Failed to Adequately Allege He Has a Valid Copyright in the Copyrighted Photograph under Registration Number VA 2-154-695.*

A copyright claimant may commence an infringement suit once the Copyright Office registers a copyright. *Fourth Estate Public Benefit corporation v. Wall-Street.com, LLC*, 139 S. Ct. 881, 886 (2019). "To establish infringement, two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Maui Jim, Inc. v. SmartBuy Guru Enterprises*, No. 1:16-cv-9788, 2020 WL 4435320, at *27 (N.D. Ill. Feb. 24, 2020) (quoting *Feist Publn's, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361, 111 S. Ct. 1282, 1296, 113 L.Ed.2d 358 (1991) (internal citation omitted)); *Design Basics, LLC v. Lexington Homes, Inc.*, 858 F.3d 1093, 1099 (7th Cir. 2017) (quoting *JCW Inv., Inc. v. Novelty, Inc.*, 482 F.3d 910, 914 (7th Cir. 2007)). While Southall allegedly received a copyright registration for "photograph" on May 27, 2019, Southall has failed to adequately allege ownership of a valid copyright.

17 U.S.C. § 410 provides:

> [i]n any judicial proceedings the certificate of a registration made before or within five years after first publication of the work shall constitute prima facie evidence of the validity of the copyright and of the facts stated in the certificate. The evidentiary weight to be accorded the certificate of a registration made thereafter shall be within the discretion of the court.

In the Complaint, Southall alleged that he published the Copyrighted Photograph on July 29, 2013 and received Registration No. VA 2-154-695 on May 27, 2019 (the " '695 Copyright"). (Dkt. 1, ¶¶ 8, 9). Southall is not entitled to any presumption of validity of his alleged copyright in a photograph because he has failed to attach evidence to his Complaint that the Copyrighted Photograph allegedly used by Defendant was part of the deposited materials submitted by Southall with the '695 Copyright. Instead, Southall merely provides a photocopy of his registration certificate in Exhibit 3. When reviewing the copyright registration certificate in

3

Exhibit 3, Southall did not attach the deposit material, which is required to be submitted during the copyright application process. The registration certificate states Southall created "photograph". (*See* Dkt. 1, Complaint Ex. 3). There is no indication of what the "photograph" is. The registered "photograph" may not be the photograph that is depicted in Exhibit 1 of the Complaint and is the basis for Southall's Complaint. Southall is required to meet his burden that he has a registration on the Copyrighted Photograph before commencing this litigation. Furthermore, it would be unfair for Force to defend itself in a copyright infringement case when it does not know what the Registration Number VA 2-154-695 protects. Because Southall failed to attach any evidence that he owns a valid copyright and failed to adequately show the Copyrighted Photograph is indeed protected under Reg. No. VA 2-154-695, this Court should dismiss Count I of the Complaint.

> 2. *Southall is Barred from Receiving Statutory Damages under 17 U.S.C. § 504(c) and Attorneys' Fees under 17 U.S.C. § 505 Because Southall Registered the Copyrighted Photograph Almost Two Years After the Alleged Infringement.*

Under 17 U.S.C. § 412, statutory damages and attorneys' fees, as provided by 17. U.S.C. §§ 504 and 505, for copyright infringement are not available before the effective date of its registration, unless such registration is made within three months after the first publication of the work or one month after the copyright owner has learned of the infringement. *See, e.g., Maui Jim, Inc. v. SmartBuy Guru Enterprises*, No. 1:16-cv-9788, 2020 WL 4435320, at *27 (N.D. Ill. Feb. 24, 2020); *FM Indus., Inc. v. Citicorp Credit Servs., Inc.*, 614 F.3d 335, 336 (7th Cir. 2010) (citing 17 U.S.C. § 412); *Intercom Ventures, LLC v. City Media Plus Ex-Yu Streaming*, No. 12-cv-10275, 2013 WL 4011052, at * 5 (N.D. Ill. Aug. 6, 2013).

Southall alleged that he published the Copyrighted Photograph on July 29, 2013; that Force allegedly copied and posted the Copyrighted Photograph on its website on or about

4

November 1, 2017; and that Southall received Registration No. VA 2-154-695 on May 27, 2019. (Dkt. 1, ¶¶ 8 – 10). Southall's failure to timely register his Copyrighted Photograph with the U.S. Copyright Office within three months after publication bars Southall's right to recover statutory damages under 17. U.S.C. § 504 and attorneys' fees under 17. U.S.C. § 505. Therefore, Force respectfully asks this Court to dismiss Southall's prayer for recovery of the same with prejudice. (Dkt. 1, ¶ 19; Prayer for Relief ¶¶ D, E).

> **B. Southall's Count II for Removal and Alteration of Integrity of Copyright Management Information Should be Dismissed.**

The DMCA seeks to hamper copyright infringement in the digital age by protecting copyright management information ("CMI") in various ways. *Alan Ross Machinery Corporation v. Machinio Corporation*, No. 17-cv-3569, 2018 WL 6018603, at *2 (N.D. Ill. Nov. 16, 2018) (citing 17 U.S.C. § 1202). Specifically, the DMCA prohibits distributing false CMI, *id.* § 1202(a), and removing or altering CMI, *id.* § 1202(b). *Alan Ross*, 2018 WL 6018603, at *2. CMI is information about the copyright conveyed in connection with the work and includes information such as the author of the work, the title of the work, copyright symbols, and the name of the copyright owner. *Id.* (citing § 1202(c)).

For a defendant to be held liable under § 1202(b), one of two things must have happened: (1) the photographs came into the defendant's possession with CMI attached and the defendant intentionally and improperly removed it, or (2) the photographs came into the defendant's possession without CMI attached, but Defendant knew that CMI had been improperly removed, and defendant used the photographs anyway. *Merideth v. Chicago Tribune Company, LLC*, No. 12 C 7961, 2014 WL 87518, at *3 (N.D. Ill. Jan. 9, 2014). In order to survive a 12(b)(6) motion, the complaint must contain sufficient factual content to allow a reasonable inference that either of the above happened. *Id.*

5

In *Alan Ross*, the court dismissed the plaintiff's claim for removal or alteration of CMI for failure to state a claim because (1) the plaintiff failed to attach an exhibit depicting the copyright notice, (2) the plaintiff did not allege any other CMI existed on its website other than the copyright notice, (3) the plaintiff did not allege the photographs in the listings contained CMI, and (4) the CMI was too far removed from the listing to be conveyed in connection with the listing. 2018 WL 6018603, at *3.

Analogously, Southall's DMCA count fails. The Complaint contains one conclusory allegation related to a DMCA violation:

> Plaintiff is informed and believes that Defendant, without the permission or consent of Plaintiff, knowingly and with the intent to conceal infringement, intentionally removed the copyright management information from Plaintiff's Copyrighted Photograph before displaying Copyrighted Photograph on Defendant's commercial website, www.forcechicago.com. In doing so, Defendant violated 17 U.S.C. § 1202(a)(1) and (b)(1).

(Dkt. 1, ¶ 20). Southall's Complaint is completely devoid of any allegation supported by facts pertaining to what specific CMI existed on his Copyrighted Photograph and/or website and what CMI was allegedly removed by Force. Furthermore, when examining Exhibits 1 and 2 to the Complaint, the Copyrighted Photograph and the screenshot of Southall's website fail to show any depiction of any CMI. Southall has failed to meet his burden in adequately alleging the preliminary requirement of what CMI accompanied the Copyrighted Photograph. Without alleging any information about Southall's CMI, the Complaint does not plead any factual allegations that lead to a reasonable inference that Force improperly removed CMI from Southall's photograph or that Force knew the CMI was removed and used the Copyrighted Photograph anyway. Therefore, this Court should dismiss Count II of Southall's Complaint.

**IV.  CONCLUSION**

Southall's Complaint fails to set forth a sufficient basis for holding Force liable for copyright infringement and violations under the Digital Millennium Copyright Act. Southall Complaint does not meet the notice pleading standards as it does not (1) show the Copyrighted Photograph is part of the Registration No. VA 2-154-695 and (2) does not allege or show what copyright management information was on Southall's Copyrighted Photograph and allegedly removed by Force. Finally, Southall cannot demand statutory damages and attorneys' fees under 17 U.S.C. § 504 and 17 U.S.C. § 505 as Southall's copyright was not timely registered before the alleged infringement occurred.

WHEREFORE, Defendant, Force Partners, LLC, respectfully requests that this Court

    A.    Dismiss Counts I and II of Plaintiff's Complaint;

    B.    Dismiss Plaintiff's request for relief of statutory damages under 17 U.S.C. §504 with prejudice;

    C.    Dismiss Plaintiff's request for relief of attorneys' fees under 17 U.S.C. §505 with prejudice; and

    D.    Any other relief this Court deems just.

Dated: October 14, 2020　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　*/s/Kaylea H. Weiler*
　　　　　　　　　　　　　　　　　　　　　　　Kaylea H. Weiler
　　　　　　　　　　　　　　　　　　　　　　　***One of the Attorneys for Defendant, Force Partners, LLC.***

Kaylea H. Weiler (ARDC # 6307286)
SmithAmundsen, LLC
150 North Michigan Ave., Suite 3300
Chicago IL, 60601
312-455-3861
kweiler@salawus.com

Prepared by:

Christopher W. Niro (ARDC #6300428)
cniro@agdglaw.com
Kristina D. Diesner (ARDC #6329611)
kdiesner@agdglaw.com
ARONBERG GOLDGEHN DAVIS & GARMISA
330 N. Wabash Avenue, Suite 1700
Chicago, IL 60611
312-755-3161

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of **Defendant's Motion to Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(6)** was served upon on all counsel of record electronically through CM/ECF on October 14, 2020.

/s/ *Kaylea H. Weiler*