UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

RICHARD SOUTHALL,

    Plaintiff,

v.

FORCE PARTNERS LLC,

    Defendant.

Civil Action No.: 1:20-cv-3223

PLAINTIFF'S MEMORANDUM IN SUPPORT OF PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO ENFORCE SETTLEMENT AGREEMENT

Plaintiff RICHARD SOUTHALL ("Southall" or "Plaintiff"), by and through his undersigned counsel, hereby files his Memorandum in Support of Plaintiff's Response in Opposition to Defendant's Motion to Dismiss, and in support thereof states:

I.    ARGUMENT

A. Legal Standard

In ruling on a motion to dismiss, the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Thompson v. Illinois Dep't of Prof'l Regulation,* 300 F.3d 750, 753 (7th Cir. 2002); *Perkins v. Silverstein,* 939 F.2d 463, 466 (7th Cir. 1991). The allegations of a complaint should not be dismissed for a failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957).

The plaintiff need not allege all of the facts involved in the claim and can plead conclusions. *Higgs v. Carter,* 286 F.3d 437, 439 (7th Cir. 2002).

1. Southall Has Properly Pled Copyright Infringement

To demonstrate a *prima facie* case of copyright infringement in a complaint, a plaintiff must allege two elements: 1) ownership of a valid copyright; and 2) copying. *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361 (1991).

Southall has identified himself as the owner and copyright holder of the copyrighted image, "_DSC4315," at issue in this case ("Copyrighted Photograph"). [Compl. ¶ 7, 9]. Southall has alleged Defendant FORCE PARTNERS LLC ("Force" or "Defendant") copied Copyrighted Photograph without license or permission from Southall. [Compl. ¶ 10-11].

Southall did not include a copy of the deposit materials with his complaint because it is not required under the Rule 8(a)(2) of the Federal Rules of Civil Procedure: "a short and plain statement of the claim showing that the pleader is entitled to relief."

The Certificate of Registration in this case, VA 2-154-695, includes one image, "_DSC4315." Southall alleged he is the author of the image. Southall alleged he registered the image with the United States Copyright Office. Further, the image title is included in the coding for the URL, www.emphasisphotography.blogspot.com/2013/07/aqua-bar-and-restaurant-shard-london.html ("Emphasis Webpage"), to which Southall first published the image, which Southall included in his Complaint. [Compl. ¶ 8]. EXHIBIT 1 of this memorandum details the source code for Emphasis Webpage specific to the image at issue in this case.

Southall has alleged more than adequate facts that support his claim which would entitle him to relief.

2. Southall's Complaint Requests Statutory Damages Under 17 U.S.C. § 1202, not § 504

Defendant asserts Southall alleged he is entitled to statutory damages and attorney's fees under 17 U.S.C. § 504(c). Defendant's assertion is inaccurate. Southall alleged he is eligible for actual damages under 17 U.S.C. § 504(b). [Compl. ¶¶ 19, C-D]. Southall alleged he is entitled to statutory damages under 17 U.S.C. § 1202(b)(4). [Compl. ¶¶ 21, E].

3. Southall Has Properly Pled Removal and Alteration of Integrity of Copyright Management Information

17 U.S.C. § 1202(b) provides in part: "No person shall, without the authority of the copyright owner or the law—(1) intentionally remove or alter any copyright management information." 17 U.S.C. § 1202(b). The definition of "copyright management information" under section 1202(c) includes "[t]he name of, and other identifying information about, the author of a work." 17 U.S.C. § 1202(c)(2).

Southall alleged he posted Copyrighted Photograph to Emphasis Webpage [Compl. ¶ 8]. Emphasis Webpage includes the following text immediately below Copyrighted Photograph: "All images – Copyright Richard Southall." EXHIBIT 2 of this Memorandum details the above-mentioned text on Emphasis Webpage.

Southall alleged Copyrighted Photograph was posted with clear and unambiguous copyright management information, as defined by 17 U.S.C. § 1202(b). Southall alleged Defendant posted a copy of Copyrighted Photograph to its commercial website lacking such copyright management information. [Compl. ¶ 11, Exs. 4, 20].

Again, Southall has alleged more than adequate facts that support his claim which would entitle him to relief.

## II. CONCLUSION

For the foregoing reasons, this Court should deny the Defendants' Motion to Dismiss.

Dated: November 3, 2020

Respectfully submitted,

__/s/__*David C. Deal*_____
David C. Deal (VA Bar No.: 86005)
The Law Office of David C. Deal, P.L.C.
P.O. Box 1042
Crozet, VA 22932
434-233-2727, Telephone
david@daviddeal.com
*Counsel for Plaintiff*

CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on November 3, 2020 the foregoing motion was electronically filed with the Clerk of the Court using the CM/ECF system.

      __/s/__*David C. Deal*_____
David C. Deal (VA Bar No.: 86005)
The Law Office of David C. Deal, P.L.C.
P.O. Box 1042
Crozet, VA 22932
434-233-2727, Telephone
david@daviddeal.com
*Counsel for Plaintiff*