UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RICHARD SOUTHALL, | ) | |
| | ) | |
| Plaintiff, | ) | No. 1:20-cv-03223 |
| | ) | |
| v. | ) | |
| | ) | Judge Edmond E. Chang |
| FORCE PARTNERS, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

This case arises from the alleged appropriation of a copyrighted photograph. Richard Southall has sued Force Partners, LLC, alleging copyright infringement under 17 U.S.C. § 101 *et seq.*, and alteration of copyright management information in violation of the Digital Millennium Copyright Act (commonly referred to as DMCA), 17 U.S.C. § 1202. R. 1, Compl. ¶¶ 17–18, 20.[1] Force Partners now moves to dismiss the Complaint, arguing that Southall has failed to adequately state a claim. Fed. R. Civ. P. 12(b)(6); R. 20. For the reasons discussed below, the motion is denied in part and granted in part.

**I. Background**

For the purposes of this motion, the Court accepts as true the allegations in the complaint and draws reasonable inferences in Southall's favor. *See Gomez v. Randle*, 680 F.3d 859, 864 (7th Cir. 2012).

---

[1]This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1338. Citations to the record are "R." followed by the docket entry number and, if needed, a page or paragraph number.

1

Southall is a commercial photographer with over 25 years of experience in the industry, specializing in architectural and interior photography. Compl. ¶ 1. On July 1, 2013, Southall captured the photograph, which has the file name "_DSC4315," depicting the inside of a restaurant bar. *Id.* ¶ 7; *see* R. 1-3, Compl., Exh. 1. Around four weeks later, on July 29, 2013, Southall posted the photograph to his professional website. Compl. ¶¶ 7–8; R. 1-4, Compl., Exh. 2, Southall's Website. Although not alleged in the Complaint, Southall asserts that the online display referred to copyright protection. R. 22, Pl.'s Resp. at 3. Specifically, attached to Southall's response brief is a screenshot from his website, displaying the credit line, "All images – copyright Richard Southall" below a series of photographs. R. 22-2, Pl. Resp., Exh. 2, Southall CMI. Almost six years later, in May 2019, Southall received a federal copyright registration for the photograph. Compl. ¶ 9. It was assigned Registration Number VA2-154-695. *Id.*

Force Partners is a company that specializes in lighting and lighting control. Compl. ¶ 2. Beginning in around November 2017 (so around 18 months before the 2019 federal copyright's issuance), Force Partners posted the photograph to its website, www.forcechicago.com, without Southall's permission. *Id.* ¶ 10; R. 1-6, Compl., Exh. 4, Force Partners Website. Force Partners displayed the photograph on its "Location" page, as a full-page, full-bleed[2] header image. Compl. ¶ 12 (citing the Force Partners Website exhibit). The photograph is covered by a whitish, transparent layer

---

[2] A "full-bleed" image runs across an entire page without any margins or borders on its edges.

overlaid with two logos in the upper-left corner and also some text in various spots. *See* Force Partners Website.

Southall filed a two-count complaint against Force Partners in June 2020. Count 1 alleges that Force Partners infringed Southall's copyright under the Copyright Act, 17 U.S.C § 101 *et seq.*, by reproducing and distributing the photograph on Force Partners' website. *Id.* ¶ 17. On that claim, Southall seeks actual and statutory damages for copyright infringement, 17 U.S.C. § 504, and attorney's fees, 17 U.S.C. § 505.[3] *Id.* ¶¶ 19, 21. Count 2 alleges that Force Partners violated the Digital Millennium Copyright Act, 17 U.S.C. §§ 1202(a)(1), (b)(1), by displaying the photograph on its website after removing its copyright management information. *Id.* ¶ 20.

Force Partners now moves to dismiss both claims and, short of that, to bar Southall from seeking statutory damages and attorney's fees under Count 1. R. 20, Def. Mot. Dismiss at 7.

## II. Legal Standard

Under Federal Rule of Civil Procedure 8(a)(2), a complaint generally need only include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This short and plain statement must "give the defendant fair notice of what the … claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (cleaned up).[4] The Seventh Circuit

---

[3]Although Southall does not explicitly allege entitlement to § 505 attorney's fees under Count 1, he does request it in the Prayer for Relief.

[4]This Opinion uses (cleaned up) to indicate that internal quotation marks, alterations, and citations have been omitted from quotations. *See* Jack Metzler, *Cleaning Up Quotations*, 18 Journal of Appellate Practice and Process 143 (2017).

3

has explained that this rule "reflects a liberal notice pleading regime, which is intended to 'focus litigation on the merits of a claim' rather than on technicalities that might keep plaintiffs out of court." *Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002)).

"A motion under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). These allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The allegations are entitled to the assumption of truth as long as they are factual in nature, rather than mere legal conclusions. *Iqbal*, 556 U.S. at 678–79.

### III. Analysis

### A. Copyright Infringement

In attacking the Complaint, Force Partners first challenges the sufficiency of Southall's allegations on the copyright's validity. Specifically, Force Partners contends that Southall failed to adequately allege that "_DSC4315" is the actual photograph at issue. *See* Def.'s Mot. Dismiss at 3–4. According to Force Partners, Southall never alleged that the photograph was part of the deposited materials submitted with the '695 Copyright . *See id*. at 3. This is a classic example of a defendant who demands

4

too much of a complaint and, at the same time, a plaintiff who could have easily avoided the issue in the first place.

To adequately state a claim for copyright infringement, a plaintiff must allege facts setting forth (1) ownership of a valid copyright in a work; and (2) the unauthorized copying of elements of the work that are original. *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). That is all. After *alleging* that the photograph was part of a federal copyright registration, Southall did not have to submit *evidence* of that allegation, nor get into nit-picky allegations like whether the photograph was indeed part of the deposited materials. *See Hurst v. Hantke*, 634 F.3d 409, 411 (7th Cir. 2011) (noting that the Federal Rules of Civil Procedure do not "require a plaintiff to attach evidence to his complaint"); *see also Ino, Inc. v. Needle & Threads of West Palm Beach, Inc.*, 2020 WL 7343037, at *4 (E.D.N.Y. Dec.14, 2020) (holding that a plaintiff is not required to attach copies of registration certificates or provide registration numbers to survive a motion to dismiss). Southall alleged that he took the photograph, Compl. ¶ 7; he holds a copyright registration on it, *id.* ¶ 15; and Force Partners used the photograph on its commercial website without his consent, *id.* ¶¶ 10–13. Nothing more is needed. Sure, Southall could have avoided this challenge by doing what he did in submitting his response brief, namely, attaching an exhibit showing that the photograph is the Title of Work for the '695 Copyright. R. 22-1, Pl.'s Resp., Exh. 1, Source Code. But even without the exhibit, the Complaint adequately alleges copyright infringement.

Next, Force Partners argues that Southall's copyright is not entitled to a presumption of validity because he failed to obtain copyright registration within five years of the photograph's publication, which was back on July 19, 2013. *See* Def.'s Mot. Dismiss at 3. The dispute here is over whether the statutory presumption of validity is triggered:

> In any judicial proceedings the certificate of a registration made before or within five years after first publication of the work shall constitute prima facie evidence of the validity of the copyright and of the facts stated in the certificate. The evidentiary weight to be accorded to the certificate of a registration made thereafter shall be within the discretion of the court.

17 U.S.C. § 410(c). The last sentence is crucial here: Section 410(c) confers discretion on the court on how to treat a certificate obtained five years after publication. In other words, the statute mandates a presumption of validity for pre-five-year certificates, but the statute does not *forbid* a presumption of validity for post-five-year certificates. Post-five-year certificates are still eligible to qualify as prima facie evidence of a valid copyright. *Yurman Design, Inc. v. Golden Treasure Imps., Inc.,* 275 F. Supp. 2d 506, 515–16 (S.D.N.Y. 2003) (holding that late registrations can be considered prima facie evidence of valid copyright); *Telerate Sys., Inc. v. Caro*, 689 F. Supp. 221, 227 n. 7 (S.D.N.Y. 1988) (explaining "[e]ven if the certificate were … issued more than five years after the actual date of first publication, the court would be inclined to give the certificate the weight of prima facie evidence, as permitted under Section 410(c)."). In any event, the strength of the presumption is not a matter that should be resolved at the pleading stage. The parties must develop facts in discovery before the certificate's

6

evidentiary weight can be presented to the Court for decision. The copyright-infringement claim survives.

### B. Statutory Damages and Attorneys' Fees

Force Partners also moves to bar Southall's requests for statutory damages under 17 U.S.C. § 504, as well as attorney's fees under 17 U.S.C. § 505. Def.'s Mot. Dismiss at 4–5. It is atypical to deploy a dismissal motion to knock out a form of damages or to challenge a plea for attorneys' fees. But if a statute sets certain requirements for damages, then a Rule 12(b)(6) motion can target a request for a particular form damages if the complaint fails to adequately plead facts necessary to support that form of damages. *See Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974–75 (9th Cir. 2010) (comparing Rule 12(f) and 12(b)(6) and holding that dismissing parts of a claim, including damages, is appropriate under 12(b)(6)).

Here, Section 412 of the Copyright Act provides that a plaintiff is not entitled to statutory damages or to receive attorney's fees if certain conditions are met based on the timing of the copyright registration relative to the infringement. No statutory damages or attorney's fees are available if:

> (1) any infringement of copyright in an unpublished work commenced before the effective date of its registration; or
>
> (2) any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work.

17 U.S.C. § 412. An override to those bars applies (that is, statutory damages and fees are available) if the copyright owner registers the work within one month after learning of the infringement. *Id.*

7

Here, Southall published the photograph on July 29, 2013. Compl. ¶ 8. The Complaint alleges that Force Partners' infringement commenced around November 1, 2017, *id.* ¶ 10, and that the photograph was registered on May 27, 2019, *id.* ¶ 9. So the alleged infringement commenced around 18 months *before* the copyright was registered. This relative timing—the registration happened long after the infringement started—obviously triggers the bars on statutory damages and attorney's fees in Section 412. Southall does not otherwise argue that an exception applies (such as initiating the registration within one month after learning of the infringement), and indeed Southall now disclaims, in his response brief, any plea for statutory damages under Count 1. Pl.'s Resp. at 3. So Southall's prayer for statutory damages as a form of relief for copyright infringement is dismissed with prejudice.

In contrast to statutory damages, on attorney's fees, Southall does not outright disclaim an eventual request for fees. Under § 505, a court may award reasonable attorney's fees to the "prevailing party" in a copyright-infringement action. 17 U.S.C. § 505. Because discovery might reveal that Southall learned of the infringement less than one month before registering the copyright, the request for attorney's fees under § 505 survives for now.

### C. Copyright Management Information

Moving on to the DMCA claim, remember that Southall alleges that Force Partners, without permission, intentionally removed copyright management information before using the photograph on its website. Compl. ¶ 20. Force Partners argues that Southall (i) fails to identify the copyright management information at issue;

8

and (ii) fails to plausibly allege that Force Partners intentionally removed the information or knew that it was removed. Def.'s Mot. Dismiss at 5–6. These arguments are rejected.

Under the DMCA, it is unlawful to remove or alter copyright management information knowing (or having reasonable grounds to know) that doing so will "induce, enable, facilitate, or conceal an infringement" without the authority of the copyright owner. 17 U.S.C. § 1202(b). Generally speaking, copyright management information is information about a work's copyright—such as the work's title, author, copyright owner, the terms and conditions for use of the work, and identifying numbers or symbols—and is displayed on copies of the work. *See* 17 U.S.C. § 1202(c).

To state a valid § 1202 claim for removal of copyright management information, a plaintiff must identify the information at issue to provide the defendant with a basis to understand the nature of the claim. *See Design Basics, LLC v. WK Olson Architects, Inc.*, 2018 WL 3629309, at \*4 (N.D. Ill. July 23, 2018). Here, Southall alleges that Force Partners removed the information from the photograph, but does not allege what the information was. Compl. ¶ 20. In his response brief, however, Southall attaches a screenshot of his website, which displays the credit line "All images – copyright Richard Southall." Southall CMI. Again, Southall could have avoided this issue by alleging the copyright management information in the Complaint or attaching the screenshot to the Complaint in the first place. Rather than senselessly require an amended complaint, however, the Court will consider the attachment. At least the

Complaint does explicitly refer to Southall's website. Compl. ¶ 8. Nor does Force Partners contest the authenticity of the attachment. *See* Def.'s Repl. at 4–5.

Force Partners nonetheless argues that Southall fails to adequately plead a factual connection between the copyright management information and the photograph. Def.'s Repl. at 5. In support of its argument, Force Partners cites *Alan Ross Mach. Corp. v. Machinio Corp.*, 2018 WL 6018603 (N.D. Ill. Nov. 16, 2018). There, the copyright owner alleged that the defendant had removed copyright management information from photographs and listings, which were published on the owner's website. *Id.* at *1. The court dismissed the DMCA claim because the information at issue stated that the website's *pages* are copyrighted, and "websites generally do not claim ownership or authorship over an image just because the image appears on the website." *Id.* at *2 (cleaned up). In contrast, here Southall's proffered copyright-credit line explicitly covers "all images" in the series, including the photograph. Southall CMI. So Southall has plausibly alleged that the copyright management information was conveyed in connection with the photograph. *See Leveyfilm, Inc. v. Fox Sports Interactive Media, LLC*, 999 F. Supp. 2d 1098, 1102 (N.D. Ill. 2014) (holding that the credit line "Photography: Don Levey, Don Levey Studio" on the back of a record album raised the plausible inference that the notice referred to an authorship of the photo on the cover of the album); *Agence France Presse v. Morel*, 769 F. Supp. 2d 295, 305 (S.D.N.Y. 2011) (holding that it was "'implausible' that a viewer of [plaintiff's] photos [on website] would not understand the designations [of the plaintiff's name] appearing next to the images to refer to authorship").

10

Force Partners advance another argument against the DMCA claim, arguing that the Complaint failed to adequately plead that Force Partners removed the information or that Force Partners used the photograph with knowledge of its removal. Def.'s Mot. Dismiss at 6. Again, Force Partners is basically demanding evidence at the pleading stage. Southall has adequately alleged that Force Partners removed the information from the photograph and then posted the photograph to Force Partners' website. Paragraph 20 is the key allegation here: "Defendant, without permission or consent of Plaintiff, knowingly and with the intent to conceal infringement, intentionally removed the copyright management information from Plaintiff's Copyrighted Photograph before displaying Copyrighted Photograph on Defendant's commercial website." Compl. ¶ 20. And Exhibit 2 to Southall's response brief depicts what the information says and where it is located. Southall CMI. This gives rise to the reasonable inference that Force Partners visited Southall's website, saw the credit line covering the photograph, and used the photograph on its own website without the credit line. Yes, Southall will have to prove that allegation at the summary judgment stage and trial (if the case gets that far), but for now, he has pleaded enough to state a claim under the DMCA.

## IV. Conclusion

Force Partners' motion to dismiss is denied for the most part and granted in part. The motion is denied as to the copyright-infringement claim (Count 1), the DMCA claim (Count 2), and the request for attorney's fees under 17 U.S.C. § 505. The motion is granted as to the request for statutory damages for Count 1 under 17 U.S.C.

11

§ 504; the dismissal is with prejudice because Southall disclaims that he is seeking that form of damages for copyright infringement. Force Partners shall answer the Complaint (no need to address the dismissed statutory-damages prayer) by September 15, 2021. The parties shall file a proposed discovery schedule (using the template at R. 6-1) by September 16, 2021, in advance of the tracking status hearing of September 24, 2021. The Court will review the report and set the discovery schedule.

ENTERED:

s/Edmond E. Chang
Honorable Edmond E. Chang
United States District Judge

DATE: August 31, 2021